HENRY WEISSMANN (State Bar No. 132418)   JS-6
Henry.Weissmann@mto.com
HEATHER E. TAKAHASHI (State Bar No. 245845)
Heather.Takahashi@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
Hojoon.Hwang@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants
VERIZON INTERNET SERVICES INC. AND
GTE.NET LLC D/B/A VERIZON INTERNET
SOLUTIONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN SCHNEIDER on behalf of himself and all others similarly situated,<br>Plaintiff,<br>vs.<br>VERIZON INTERNET SERVICES, INC and GTE.NET LLC d/b/a VERIZON INTERNET SOLUTIONS,<br>Defendants. | CASE NO.  CV 08-07856 R CWx<br><br>**ORDER GRANTING DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>JS-6<br><br>The Honorable Manuel L. Real |

7379353.2

DEFENDANTS' [PROPOSED] ORDER
CV 08-07856 R CWX

# ORDER

The Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Verizon Internet Services Inc. and GTE.NET LLC d/b/a Verizon Internet Solutions (collectively, "Verizon"), came for hearing before this Court on March 16, 2009, at 10:00 a.m., with Defendants and Plaintiff appearing through counsel.

After considering the briefs, arguments, and all other materials properly presented to this Court, the Court concludes:

The early termination fee ("ETF") in Verizon's contract governing its FiOS Internet service is a valid alternative means of performance and not an unlawful liquidated damages provision. *See Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1314, 27 Cal. Rptr. 3d 797, 802 (Cal. Ct. App. 2005); *Blank v. Borden*, 11 Cal. 3d 963, 970, 524 P.2d 127, 131 (Cal. 1974). The ETF is a true option or alternative means of performance because subscribers have the option of either continuing to take service for the duration of the term and paying the monthly service charges, or terminating early for an agreed-upon fee. At the outset of service, subscribers have the additional choice of month-to-month service without an ETF. The First Amended Complaint thus fails to state a claim under California Civil Code section 1671.

Based on the foregoing and a review of the record, the Court further concludes that the claim that Verizon's ETF is "unconscionable" likewise lacks merit. *See H. S. Perlin Co. v. Morse Signal Devices*, 209 Cal. App. 3d 1289, 1301-02, 258 Cal. Rptr. 1, 9 (Cal. Ct. App. 1989).

Plaintiff's other claims are derivative of the section 1671 claim and therefore fail.

Plaintiff's claim for damages under California's Consumer Legal Remedies Act ("CLRA") is barred for the additional reason that Plaintiff did not strictly comply with the pre-filing notice requirement that is a prerequisite to a

1  claim for damages.  *See* Cal. Civ. Code § 1782(a); *Outboard Marine Corp. v.
2  Superior Court*, 52 Cal. App. 3d 30, 124 Cal. Rptr. 852 (Cal. Ct. App. 1975).
3  Plaintiff failed to comply with section 1782(a)'s requirement that the notice "be
4  sent . . . to the place where the transaction occurred or to the person's principal
5  place of business within California."  Verizon's acknowledgement that it received
6  Plaintiff's letter did not constitute a waiver of Verizon's right to attack the
7  sufficiency of Plaintiff's notice.

        Accordingly, IT IS HEREBY ORDERED that:

        Verizon's Motion to Dismiss is GRANTED and the First Amended Complaint is DISMISSED WITH PREJUDICE, without leave to amend.

**IT IS SO ORDERED.**

DATED:  March 18, 2009

        MANUEL L. REAL
        UNITED STATES DISTRICT COURT